# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| LIN MUN POO | ) | Case Number: 10-CR-891 |
| | ) | USM Number: 65396-053 |
| | ) | Kannan Sundaram, Esq. |
| | ) | Defendant's Attorney |

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 22 2011 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 of indictment

☐ pleaded nolo contendere to count(s) ___
  which was accepted by the court.

☐ was found guilty on count(s) ___
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(3) | Access Device Fraud, a Class D felony | 10/31/2010 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___

☒ Count(s)   2, 3, 4   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/4/2011
Date of Imposition of Judgment

S/DLI
Signature of Judge

Dora L. Irizarry          U.S. District Judge
Name of Judge             Title of Judge

November 18, 2011
Date

DEFENDANT: LIN MUN POO
CASE NUMBER: 10-CR-891

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRED TWENTY (120) MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LIN MUN POO
CASE NUMBER: 10-CR-891

Judgment—Page 3 of 7

## ADDITIONAL IMPRISONMENT TERMS

A removal order was issued as to this defendant on January 18, 2011 by the U.S. Department of Justice, Executive Office for Immigration Review. A copy of that order is attached to this document.

DEFENDANT: LIN MUN POO
CASE NUMBER: 10-CR-891

Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS.

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cour and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or persona history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LIN MUN POO
CASE NUMBER: 10-CR-891

Judgment—Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

1) If deported, the defendant shall not reenter the United States illegally;

2) The defendant shall not possess a firearm, ammunition, or destructive device.

DEFENDANT: LIN MUN POO
CASE NUMBER: 10-CR-891

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LIN MUN POO
CASE NUMBER: 10-CR-891

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached forfeiture order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

 

Received
in Chambers of:
U.S. District Judge
DORA L. IRIZARRY

NOV - 4 2011

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
201 Varick Street, New York, NY

In the Matter of: POO, LIN MUN                    File No.: 88-442-054

Respondent                IN REMOVAL PROCEEDINGS

**ORDER OF THE IMMIGRATION JUDGE**

The Department of Homeland Security has submitted a Motion for Stipulated Removal Order and Waiver of Hearing pursuant to 8 C.F.R. § 1003.25(b).

Upon consideration of the evidence submitted with the Motion, and based on the respondent's admission of the factual allegations and the concession to the charge(s), the Court finds the respondent removable from the United States as charged. Accordingly, the Motion for Stipulated Removal Order and Waiver of Hearing is hereby granted and the following order shall be entered:

ORDER: It is hereby ordered that the respondent be removed from the United States to **MALAYSIA** based on the charge(s) set forth in the charging document.

Date:  1/18/11

Immigration Judge

Appeal: Waived by both parties.

---

**CERTIFICATE OF SERVICE**

THIS DOCUMENT WAS SERVED BY: [ ] MAIL [ ] PERSONAL SERVICE
TO: [ ] ALIEN [X] ALIEN c/o Custodial Officer [ ] ALIEN'S ATTY/REP [X] DHS
DATE: 1/18/11    BY: COURT STAFF

SLR/CPK/TYH
2008R00103
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

           - against -

LIN MUN POO,

           Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

10-CR-891 (DLI)

WHEREAS, on April 13, 2011, the defendant, LIN MUN POO, entered a plea of guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 1029(a)(3), and

WHEREAS, the defendant consents to the forfeiture of one IBM ThinkPad computer seized at the time of his arrest on or about October 21, 2010, in Brooklyn, New York (the "Seized Computer") pursuant to 18 U.S.C. §§ 1029(c)(1)(C) and 982(a)(2)(B) as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(3), property used or intended to be used in any manner or part to commit or facilitate the commission of such offense, and/or as substitute assets pursuant to 21 U.S.C. § 853(p);

United States v. Lin Mun Poo, CR-10-891 (Irizarry, J.)
Preliminary Order of Forfeiture

2

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The defendant shall forfeit all of his right, title and interest in the Seized Computer pursuant to 18 U.S.C. §§ 1029(c)(1)(C) and 982(a)(2)(B), and 21 U.S.C. § 853(p).

2. Upon entry of this Order, the United States Attorney General or designee is authorized to seize the Seized Computer and to conduct any proper discovery, in accordance with Fed R. Crim, P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States shall publish notice of this Order, in accordance with the custom and practice in this district, on the official government website www.forfeiture.gov of its intent to dispose of the Seized Computer in such a manner as the Attorney General of his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Seized Computer as substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Seized Computer may, within thirty (30)

United States v. Lin Mun Poo, CR-10-891 (Irizarry, J.)
Preliminary Order of Forfeiture

3

days of the final publication of notice or receipt of notice, or no later that sixty (60) days after the first day of publication on an official internet government forfeiture site, whichever is earlier, may petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Computer, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

5. The defendant shall not file or interpose any claim or assist other others to file or interpose any claim to the Seized Computer in any administrative or judicial proceeding. If the Seized Computer, or any portion thereof, is not forfeited to the United States, the Untied States may seek to enforce this Order against any other assets of the defendant up to the value of the Seized Computer pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall execute any and all documents necessary to effectuate the immediate forfeiture of the Seized Computer. The forfeiture of the Seized Computer shall not to be considered a payment of fine or a payment of any income taxes that may be due.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice

United States v. Lin Mun Poo, CR-10-891 (Irizarry, J.)
Preliminary Order of Forfeiture

4

set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" of this Order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

United States v. Lin Mun Poo, CR-10-891 (Irizarry, J.)
Preliminary Order of Forfeiture

5

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Order to the United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, Attn: Yvette Ramos, FSA, Paralegal.

Dated:  Brooklyn, New York
        November 4, 2011

S/DLI

---
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE

United States v. Lin Mun Poo, CR-10-891 (Irizarry, J.)
Preliminary Order of Forfeiture